IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.T., a minor, by and through his guardian ad litem, SUSAN T., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF MARIN, <br><br> Defendant. <br> ———————————————/ <br> COUNTY OF MARIN, <br><br> Counterclaimaint. <br><br> v. <br><br> T.T., by and through his guardian ad litem SUSAN T.; SUSAN TIMMEL; JESSICA WELCH; COLLEEN A. SNYDER; CHRISTIAN M. KNOX; F. RICHARD RUDERMAN; PAULA SOLOMON and RUDERMAN & KNOX, LLP, <br><br> Counterclaim Defendants. <br> ———————————————/ | No. C 12-02349 WHA <br><br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER AND VACATING HEARING** |

In this action to enforce an administrative judgment in favor of a special-needs student, the issue is whether a motion for a protective order should be granted. For the reasons explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Counterclaim defendant T.T. is a special-needs student who filed a "due process" complaint under the Individuals with Disabilities Education Act against the Novato Unified

School District and defendant County of Marin before the Office of Administrative Hearings for the State of California. T.T.'s mother, Jessica Welch, signed a settlement agreement with Novato on her son's behalf. The parties to that agreement were defined as "Jessica Welch . . . individually and on behalf of her son" T.T., and Novato. T.T. subsequently pursued his due process claim against the County before the OAH, but the County refused to participate in the proceeding, contending that the OAH lacked personal and subject-matter jurisdiction. The OAH held that it had jurisdiction and awarded T.T. $41,000 as compensation for, *inter alia*, the County's failure to provide an appropriate education.

When the County's window to appeal the OAH decision expired, T.T. filed suit in this district to enforce the OAH judgment. The County has now issued a subpoena to Ms. Welch for an oral deposition. T.T. moves to quash Ms. Welch's deposition or, in the alternative, for a protective order compelling the County to agree to a written deposition of Ms. Welch.

Ms. Welch was a signatory to an important document in this action, and the County has a legitimate right and interest in taking her deposition. The claim that Ms. Welch suffers from a panic disorder is not supported by any declaration from a medical doctor, but only by the declaration of a licensed clinical social worker. Even then, the entire declaration is only half a page long and entirely conclusory.

On the unproven assumption that Ms. Welch possibly suffers from a panic disorder and needs an accommodation, the following relief is ordered. The County may submit ten questions in writing that must be answered in full and under oath by Ms. Welch. These questions must be submitted by **AUGUST 6** and Ms. Welch must submit sworn responses by **AUGUST 9**, by **NOON** both days. A two-hour oral deposition of Ms. Welch may then be taken on **AUGUST 16**, starting at **9:00 A.M.** If the answers given to the written questions are coy, the Court will consider allowing a longer oral deposition. To accommodate Ms. Welch, her deposition may be taken at her home or at another place of her choosing, so long as notice is given in writing 48 hours in advance of the deposition. Both parties may agree to an alternative arrangement but it must be in writing and signed by both parties.

For the foregoing reasons, the motion for a protective order is **GRANTED IN PART** and **DENIED IN PART**. The August 1 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3