IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

T.T., a minor, by and through his
guardian ad litem, SUSAN T.,

    Plaintiff,

  v.

COUNTY OF MARIN,

    Defendant.
                                    /

COUNTY OF MARIN,

    Counterclaimaint.

  v.

T.T., by and through his guardian ad litem
SUSAN T.; SUSAN TIMMEL; JESSICA
WELCH; COLLEEN A. SNYDER;
CHRISTIAN M. KNOX; F. RICHARD
RUDERMAN; PAULA SOLOMON and
RUDERMAN & KNOX, LLP,

    Counterclaim Defendants.
                                    /

No. C 12-02349 WHA

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

## INTRODUCTION

In this federal action to enforce an administrative judgment in favor of a special-needs student, plaintiff moves for summary judgment on a counterclaim. To the extent explained below, the motion is **GRANTED**.

**STATEMENT**

Plaintiff T.T. is a special-needs student for whom his guardian filed a due process complaint under the Individuals with Disabilities Education Act against the Novato Unified School District and defendant County of Marin. The complaint was heard by the Office of Administrative Hearings for the State of California in August of 2011. The due process complaint alleged that Novato and the County had failed to provide T.T. an appropriate education given his disability. Plaintiff settled the complaint with Novato, but not the County, in November of 2011.

The settlement agreement between plaintiff and Novato provided that Novato would reimburse plaintiff $82,000 in education costs. The settlement agreement defined the parties as "Jessica Welch. . . individually and on behalf of her son" T.T., and Novato. The County was not explicitly named in the settlement agreement. The settlement agreement also released "all claims" related to the dispute between the parties, including Novato's "past and present officials, employees, trustees, successors, predecessors, assigns, agents, attorneys, consultants, affiliates and representatives" (Dkt. No. 60-1 at 3-4). Following the settlement, Novato was dismissed from the due process action before the OAH.

Plaintiff then pursued the due process claim against the County before the OAH. The due process complaint before the OAH sought, *inter alia*, declaratory and compensatory relief for the County's alleged failure to provide appropriate education for the 2009–2010 through 2010–2011 school years (Dkt. No. 73-2 at 10).

Outside of the OAH proceedings, the County contended that OAH did not have subject-matter jurisdiction in the matter due to a line-item veto by the governor of the relevant statute in October 2010, a state court decision in March 2011 (not involving plaintiff), and a July 2011 memorandum of understanding with Novato. The County also contended that OAH did not have personal jurisdiction over the County because it had not been properly served with the complaint. The County did not, however, assert these contentions in front of OAH. The County refused to participate in the OAH proceeding, refusing, for example, to make a special appearance to contest jurisdiction. Nonetheless, the OAH was apparently apprised of the County's arguments by

2

plaintiff. During the OAH hearing, the ALJ arranged for the County to be contacted via telephone; the County confirmed during that phone call that it did not intend to appear at the hearing.

On February 8, 2012, the OAH held that it had subject-matter and personal jurisdiction over the absent defendant and awarded plaintiff $41,000 as compensation for, *inter alia*, the County's failure to provide appropriate education *prior to its responsibilities being extinguished by the line-item veto*. The OAH also held that there was no risk of a double recovery because the OAH judgment and the settlement with Novato covered different educational expenses. The County had ninety days to appeal the OAH order, but failed to do so.

Plaintiff's counsel sent the County a demand letter seeking to enforce the judgment and requesting prevailing party attorney's fees. Following expiration of the County's window to appeal the OAH decision, plaintiff filed suit in this district to enforce the OAH judgment under 20 U.S.C. 1415(i)(3). In September (as amended in November), the County filed counterclaims for fraud, for filing a false claim under the California False Claims Act, and for breach-of-contract.

Plaintiff moved to dismiss the counterclaims and moved to strike the counterclaims under California's Anti-SLAPP statute. A prior order dismissed defendant's fraud and CFCA counterclaims and awarded attorney's fees to plaintiff (Dkt. No. 77). The order, however, denied plaintiff's motion to dismiss the breach-of-contract claim, holding that this motion went to the merits of the County's breach-of-contract claim and would be more properly raised by a motion for summary judgment, the issue being the scope of the release and settlement.

With respect to the breach-of-contract counterclaim, the County now contends that it was either a "consultant" or "representative" of Novato, and as such, an intended third-party beneficiary of the settlement agreement (Opp. 4). The County argues that continuation of the OAH suit therefore breached the claims release agreement between plaintiff and Novato. Plaintiff has moved for summary judgment on this issue. Defendant has filed a response and plaintiff a reply. A hearing was then held.

3

**ANALYSIS**

The Individuals with Disabilities in Education Improvement Act governs the procedure for hearing and determination of due process complaints brought for failure to provide "free appropriate public education." 20 U.S.C. 1415(a). The Act provides aggrieved parties "the right to a fair and impartial administrative hearing at the state level, before a person knowledgeable in the laws governing special education and administrative hearings." *Id.* at 1415(f)(1)(A). Once the OAH hearing is conducted and a decision rendered, an aggrieved party has ninety days to bring an action in state court or federal district court challenging the decision. *Id*. at 1415(i)(B). The OAH's February 2012 decision in this matter specifically advised the County of the ninety-day limitation:

> NOTICE OF APPEAL RIGHTS
> This is a final administrative decision, and all parties are bound by this Decision. The parties are advised that they have the right to appeal this decision to a state court of competent jurisdiction. Appeal must be made within 90 days of receipt of this decision. A party may also bring a civil action in the United States District Court. (Ed. Code, § 56505 subd. (k).

(OAH Decision 35, Dkt. No. 119).

1. **PROPER SERVICE OF THE COMPLAINT.**

An issue exists as to whether the County was ever properly served with notice of the due process complaint before the OAH. An evidentiary hearing will be held on **OCTOBER 21, 2013, AT 8:00 A.M.** in order to resolve this issue. Both sides may bring witnesses and present evidence at the hearing. The parties may submit supplemental briefing on the issue by **OCTOBER 17, 2013, AT NOON**.

2. **BREACH-OF-CONTRACT CLAIM.**

Turning to the proceedings in this action, plaintiff contends that County's breach-of-contract claim fails as a matter of law on the following grounds: (1) the County cannot establish that it was a third-party beneficiary to the November 2011 settlement agreement between plaintiff and Novato; (2) the County is barred by collateral estoppel under the February 2012 decision of the OAH from asserting its breach-of-contract action; (3) the County's claim for relief is time barred by the ninety-day statute of limitations for challenging the OAH decision. Without addressing plaintiff's other two arguments, this order holds that the County's breach-of-contract

4

counterclaim was actually an affirmative defense that it failed to raise before the ALJ and is now barred by the statute of limitations.

The County had every opportunity to represent itself before the OAH and argue that the settlement agreement estopped plaintiff from future claims against the County. It chose not to do so. The County then had ninety days from the ALJ's decision to appeal it. Again, it chose not to do so. Under the California Education Code Section 56505(k), the OAH decision constitutes "the final administrative determination" and is "binding on all parties." To allow the County to raise its defense now as a counterclaim would be tantamount to an end run around the ALJ's final determination.

In its opposition, the County argues that its breach-of-contract action is not barred by the statute of limitations because the statue of limitations for a breach of a written contract is four years (Opp. 16). If the County believes that it has four years to reverse the decision of the ALJ, it is mistaken. The four-year statute of limitations for contract claims is not a defense against a failure to bring a compulsory counterclaim. The County failed to raise the breach-of-contract claim before the OAH, on a motion to dismiss before the OAH, or on appeal of the OAH's decision. The County, therefore, not only waived the claim, but is also precluded from raising the claim by California Education Code Section 56505(k) and the equitable doctrine of laches. *Johnson v. City of Loma Linda et all*, 24 Cal. 4th 61, 69 (2000). Accordingly, the County's breach-of-contract claim is lost.

### 3. JUDICIAL NOTICE.

Plaintiff requests judicial notice of the OAH decision (Dkt. No. 119). Defendant requests judicial notice of memorandum of understanding between County and the school districts and the agenda for Marin County Board of Supervisors for Tuesday, July 26, 2011, approving the signing of the memorandum of understanding (Dkt. No. 126). Both requests for judicial notice are **GRANTED**, as the contents of these documents are "not subject to reasonable dispute." FRE 201.

5

**CONCLUSION**

To the extent above, plaintiff's motion for summary judgment is **GRANTED**. Plaintiff and defendant's request for judicial notice are **GRANTED**. This ruling is without prejudice to the issue of whether service of process was proper. An evidentiary hearing will be held on **OCTOBER 21, 2013, AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: October 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE